Michael Kind, Esq.
NV Bar No. 13903
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

Sara Khosroabadi, Esq.
NV Bar No. 13703
**HYDE & SWIGART**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (619) 233-7770
Fax: (619) 297-1022
sara@westcoastlitigation.com

*Attorneys for Plaintiff Crystal L. Oetzel,*
*Individually and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Crystal L. Oetzel, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Henderson Hyundai Superstore, Inc.,<br><br>Defendant. | Case No.: 2:16-cv-2589<br><br>**COMPLAINT FOR FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, et seq.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

# INTRODUCTION

1. Crystal L. Oetzel ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Henderson Hyundai Superstore, Inc. ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Clark, State of Nevada which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant is based in Henderson, Nevada.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, citizens and residents of the State of Nevada. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is informed and believes, and thereon allege, that Defendant is, and at all times mentioned herein was, a Nevada corporation and is a "person," as defined by 47 U.S.C. § 153(39).

9. Upon information and belief, the website for Defendant is http://www.hendersonhyundai.com/.

10. According to Defendant's website, Defendant sells new and "pre-owned vehicles" and advertises its "financing" services.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a Nevada company and owner (or frequent user) of one or more of the telephone

numbers used by Defendant to make telephone calls to Plaintiff in violation of the TCPA.

12. At all times relevant herein Defendant conducted business in the State of Nevada and within this judicial district.

## FACTUAL ALLEGATIONS

13. Sometime before November 2015, Plaintiff co-signed on a Simple Interest Vehicle Contract for Sale and Security Agreement with Defendant for a 2015 Hyundai Santa Fe (the "Loan").

14. Thereafter, the primary obligor allegedly defaulted on the Loan.

15. Plaintiff takes no position as to the validity or enforceability of the Loan since it is not relevant to this case.

16. In or about November 2015, Defendant called Plaintiff on Plaintiff's cellular telephone in an attempt to collect debt. During the phone call, Plaintiff explicitly informed Defendant that "this is not my account. Stop calling me."

17. In or about November 2015, Plaintiff expressly warned Defendant that Defendant was not authorized to call Plaintiff on her cellular telephone.

18. Defendant told Plaintiff that they understood that she did not want to be called on her cellular telephone but it would "keep calling" anyway.

19. Thereafter, Defendant called Plaintiff on her cellular telephone hundreds of times.

20. Plaintiff warned Defendant to "stop calling" dozens of times.

21. Defendant's calls were all made to Plaintiff's cellar telephone, serviced by T-Mobile.

22. After being noticed that Plaintiff did not authorize any calls to her cellular telephone, Defendant initiated numerous telephone calls to Plaintiff's cellular telephone number on, including but not limited to, the following dates and times:

**From phone number 800 523-7020**:

- Feb. 18, 2015 at 10:05 am (twice), 11:44 am, 1:08 pm, 3:06 pm
- Feb. 19, 2015 at 10:50 am, 4:29 pm
- Feb. 23, 2015 at 8:26 am, 10:51 am, 11:13 am
- Feb. 24, 2015 at 9:11 am (twice), 11:25 am
- Feb. 25, 2015 at 8:22 am, 10:20 am, 10:37 am
- Feb. 26, 2015 at 12:29 pm
- Feb. 27, 2015 at 8:08 am, 2:46 pm (twice)
- Feb. 28, 2015 at 8:07 am (twice), 10:09 am
- Feb. 29, 2015 at 8:59 am, 3:37 pm
- Mar. 1, 2015 at 8:17 am, 11:36 am
- Mar. 2, 2015 at 8:09 am, 11:24 am, 3:36 pm
- Mar. 3, 2015 at 9:09 am, 11:43 am, 3:00 pm
- Mar. 4, 2015 at 9:07 am, 3:19 pm (twice)
- Mar. 5, 2015 at 11:08 am (three times)
- Mar. 6, 2015 at 8:02 am, 12:02 pm (twice)
- Mar. 7, 2015 at 8:23 am, 12:11 pm, 3:33 pm
- Mar. 8, 2015 at 8:18 am, 12:30 pm
- Mar. 9, 2015 at 9:58 am (twice), 12:48 pm
- Mar. 10, 2015 at 11:42 pm
- Mar. 11, 2015 at 3:38 pm (three times)
- Mar. 12, 2015 at 8:04 am, 9:17 am, 12:41 pm
- Mar. 13, 2015 at 1:14 pm (three times)
- Mar. 14, 2015 at 8:22 am, 11:47 am, 4:22 pm, 4:24 pm

**From phone number 972 590-3608**:

- Mar. 15, 2015 at 10:12 am (twice), 2:05 pm
- Mar. 16, 2015 at 9:21 am, 12:52 pm
- Mar. 17, 2015 at 9:42 am, 1:10 pm

- Mar. 18, 2015 at 8:04 am, 9:40 am, 1:28 pm
- Mar. 19, 2015 at 1:54 pm (three times)
- Mar. 20, 2015 at 1:04 pm (three times)
- Mar. 21, 2015 at 8:11 am, 12:35 pm
- Mar. 25, 2015 at 8:02 am, 12:19 pm
- Mar. 28, 2015 at 8:07 am, 3:45 pm
- Mar. 29, 2015 at 8:01 am, 4:18 pm
- Mar. 30, 2015 at 8:06 am, 2:09 pm
- Mar. 31, 2015 at 8:06 am, 3:12 am
- Apr. 1, 2015 at 11:27 am (twice)
- Apr. 4, 2015 at 8:00 am
- Apr. 5, 2015 at 4:22 pm (twice)
- Apr. 6, 2015 at 8:03 am, 2:24 pm
- Apr. 7, 2015 at 8:13 am, 3:17 pm
- Apr. 8, 2015 at 12:20 pm (twice)
- Apr. 11, 2015 at 8:07 am, 2:15 pm
- Apr. 12, 2015 at 8:13 am

23. Defendant placed these calls using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

24. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

25. Upon information and belief, the ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

27. Defendant used an ATDS when it made the phone calls described above because when Plaintiffs answered the calls, Plaintiff noted a "pause" before a live person appeared on the line which is "characteristic of an automated dialer." *See, e.g.*, *Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 945 (C.D. Cal. 2015); *ATDSOliver v. DirecTV, LLC*, No. 14-cv-7794, 2015 U.S. Dist. LEXIS 47964, at *11-12 (N.D. Ill. Apr. 13, 2015) ("allegation regarding the 'momentary pause,' along with his other allegations regarding Defendant's phone calls, are sufficient to draw a reasonable inference that Defendant used an ATDS"); *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-cv-05665-YGR, 2015 U.S. Dist. LEXIS 34516, at *17 (N.D. Cal. Mar. 18, 2015) ("descriptions of the 'telltale' pause after plaintiff picked up each call until the agent began speaking, which suggests the use of a predictive dialing system"). Defendant also used an ATDS because of the immediately successive nature of many of the above listed telephone calls.

28. Defendant's calls was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

29. Upon information and belief, these telephone calls were made to Plaintiff for the purpose of collecting debt. The telephone calls were unwanted by Plaintiff.

30. Defendant did not have prior express written consent to place the calls to Plaintiff.

31. In response to the calls, Plaintiff asked Defendant to take Plaintiff's telephone number off of their calling lists multiple times.

32. The telephonic communication by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

33. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

34. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted calls using an ATDS.

35. Defendant's call forced Plaintiff to live without the utility of her cellular phone by occupying her cellular telephone with these unwanted calls, causing a nuisance and lost time.

36. Defendant's calls to Plaintiff's cellular telephone number was unsolicited by Plaintiff and without Plaintiff's permission or consent.

37. Plaintiff is informed and believes and here upon alleges, that the call was made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

38. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

39. Further, Defendant's violations also cause Plaintiff to suffer a real and concrete harm because when Defendant called Plaintiff, Plaintiff's time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiff. Defendant also consumed and wasted Plaintiff's cellphone battery life. Plaintiff also suffered from frustration and annoyance which the TCPA was enacted to prevent. *See, e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCP
## 47 U.S.C. § 227 ET SEQ.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

43. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227, *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, ET SEQ.

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

49. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

50. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

52. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

53. Any other relief the Court may deem just and proper.

///
///
///
///
///
///
///
///
///

**TRIAL BY JURY**

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 8th day of November 2016.

                KAZEROUNI LAW GROUP, APC

                By:   /s/ Michael Kind
                         Michael Kind, Esq.
                         7854 W. Sahara Avenue
                         Las Vegas, NV 89117
                         *Attorneys for Plaintiff*